# Third District Court of Appeal

## State of Florida

Opinion filed December 4, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1757
Lower Tribunal No. 21-1020
_____

**Mt. Hawley Insurance Company,**
Appellant,

vs.

**Schmid Construction, Inc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Reemberto Diaz, Judge.

Butler Weihmuller Katz Craig LLP, Carol M. Rooney, and Adam M. Topel (Tampa), for appellant.

TorresVictor, Gregory A. Victor, Kenneth P. Carman, and Yadhira Ramírez-Toro (Fort Lauderdale), for appellees.

Before FERNANDEZ, BOKOR and GOODEN, JJ.

FERNANDEZ, J.

Mt. Hawley Insurance Company ("Mt. Hawley") appeals the "final judgment" entered in favor of Schmid Construction, Inc. ("Schmid") and Shul of Bal Harbor, Inc. ("Shul") (collectively, "Appellees") on a complaint for breach of contract, later amended to include an additional count for declaratory relief. Because this is an appeal of a non-final, non-appealable order, we dismiss for lack of jurisdiction as the case is not yet ripe for appellate review.

Appellees brought a breach of contract action against Mt. Hawley for failure to defend in the underlying wrongful-death action. Appellees later filed a Motion for Leave to Amend Complaint/Verified Motion to Continue Motion for Summary Judgment "to add a Count for Declaratory Relief as there is a true and necessary need for the Court to determine whether the Plaintiffs are entitled to insurance coverage and additional insured status from the Defendants in this cause." Appellees claim that the proposed amended complaint was accidentally omitted from the motion. However, the amended complaint was subsequently filed on May 3, 2023, attached to a notice of filing that referenced the original motion for leave to amend, with a certificate of service that the notice had been filed using E-Filing and therefore furnished via email to all counsel of record. The trial court afterwards granted Appellees' motion for leave to amend.

After summary judgment was entered in favor of Appellees, on August 30, 2023, the trial court entered "final judgment" finding that "[Appellees] are additional insureds under the Defendant's insurance policy and entitled to coverage under the Defendant's policy of insurance." The Court reserved jurisdiction "to issue any other orders and to determine the amount of the costs and fees to be awarded at a later date."

On September 18, 2023, Appellees filed a "Notice of Readiness for Trial (BENCH)." The notice stated that the "only matter pending before the Court is the issue of damages," and it requested that the "case be calendared for the next available bench trial period." That same day, Appellees also filed a motion for attorney's fees and costs against Mt. Hawley.

Mt. Hawley moved to strike Appellees' Notice of Readiness for Trial. Mt. Hawley explained that Appellees waived and abandoned any right to recover compensatory damages by "submitting a Final Judgment to the court for entry, which the Court entered." Mt. Hawley argued, "The Court cannot now UN-Adjudicate Plaintiff's Breach of Contract claim, having already entered a Final Judgment on it." The trial court denied the motion. Mt. Hawley appealed.

3

The threshold issue in this case is whether the order on appeal disposes of all issues in the complaint. We determine that it does not. This Court has stated:

> [W]e look not to the title. Instead, we review the content and substance to discern whether the order fully and finally determines the rights of the parties involved in the lawsuit. . . . When further judicial labor remains, an order is nonfinal, and the court retains jurisdiction to adjudicate the unresolved issues.

Colby III, Inc. v. Centennial Westland Mall Partners, LLC, 386 So. 3d 1003, 1005 (Fla. 3d DCA 2023).

Upon review of the record, we find that the amended complaint was properly substituted in this case. The amended complaint contains two counts against Mt. Hawley, for breach of contract and declaratory relief. Looking at the plain language of the order on appeal, we find that it simply declares: "[Appellees] are additional insureds under the Defendant's insurance policy and entitled to coverage under the Defendant's policy of insurance." There is no finding of breach of contract and no mention of damages. Therefore, the breach of contract count has yet to be resolved and is pending before the trial court. Because judicial labor remains, the order on appeal is a non-final, non-appealable order. See Id. ("[T]he court only disposed of the first count of the complaint. This left the second count, the claim for damages, ripe for further judicial labor."); Fabre v. 4647 Block, LLC,

4

3D24-387, 2024 WL 4219455, at *1 (Fla. 3d DCA Sept. 18, 2024) ("Despite its title and the SRS stamp, the 'Final Judgment' is not a final order. This order did not fully dispose of the entire case. It only disposed of Count I of the complaint. There is still judicial labor to be had—Count II.").

Because this appeal is a non-final, non-appealable order, we dismiss for lack of jurisdiction as the case is not yet ripe for appellate review. The trial court retains jurisdiction to adjudicate the unresolved issues.

Dismissed and remanded for further proceedings.